Case 1:17-cv-00608   Document 2   Filed 01/17/17   Page 1 of 14 PageID #: 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA



ALONZO JOHNSON,
    Petitioner,

v.

CASE MANAGER JOHNSON,
COUNSELOR G. PROUT,
COUNSELOR PILANT,
CASE MANAGER MUNCY,
UNIT MANAGER HUFFMAN,
WARDEN B.J. JOHNSON/SUCCESSOR,
et al.,
    Respondent.

Civil Action No. 1:17-cv-00608

COMPLAINT PURSUANT TO 28 U.S.C. § 1332
DIVERSITY JURISDICTION UNDER COMMON
LAW RETALIATION

Indivdually and In Their Official Capacity

## LIBERAL CONSTRUCTION

Comes now, Alonzo Johnson, hereinafter referred to as petitioner, proceeding pro se and prays this Honorable Court apply liberal construction to the instant action as afforded all pro se litigants. (See Haines v. Kerner 404 U.S. 519 (1972)).

## JURISDICTIONAL STATEMENT

This Honorable Court's jurisdiction is invoked and this action is being brought pursuant to 42 U.S.C. § 1983/28 U.S.C. § 1332

## STATEMENT OF FACTS

Petitioner brings the instant action seeking monetary compensation/damages in the amount of $300,000 due to his being denied certain protected constitutional rights, right to administrative remedy, access to the courts, all due process violations, as a

result of the conspiratiorial and collective, as well as individual efforts of the herein above named respondents, hereinafter, referred to as " Respondent " or " Respondents " interchangeably.

Namely, Respondent, in one form or another, collectively and individually retaliated against Petitioner. When Petitioner excercised his right to administrative remedy by filing a grievance against Counselor Prout. The filing of Petitioner's grivence against counselor Prout came as a result of counselor Prout's " arbitrary " sanctioning of Petitioner beyond the lawful scope of the incident. Once the time had been expired for the sanction, Petitioner's continued sufferage violated his due process rights by not being able to shop at commissary because counselor Prout failed and proceeded intentional with negligence by not lifting Petitioner's restrictions once he completed his sanctions. When Petitioner confronted counselor Prout concerning this matter and tried to informally resolve the matter, counselor Prout became beligerent by telling Petitioner, " I not going to do anything for you and you should call on " Allah " to help you ". Being of the muslim faith, Petitioner took counselor Prout's comment to be bigoted, sarcastic and extremely offensive. Out of fear of retaliation given the sensitive nature of counselor Prout's comment, Petitioner feels safe to herein and now be forthcoming and candid regarding counsel Prout's transgressions and professional misconduct.

PETITIONER NOW PRESENTS CHRONOLOGY OF EVENTS BY INCIDENT REPORTS.

(<u>INCIDENT REPORT #1</u>)

On or about 12-11-2015, Petitioner received an incident report for failing to go to work (IR-#2792962). Petitioner refused to work as a cadre for he stated he was over worked and under paid, ($2.80 per month). Petitioner challanged the (IR-#2792962) by way of administrative remedy, after he was found guilty and sanctioned to loss of privileges for 30 days,(phone and commissary). The B-Unit Building Manager, Mrs. Huffman called petitioner to her office after petitioner have served 23 days of his sanction. (UM) Huffman requested if Petitioner elect not to continue to file his BP-9 as to (IR-#2792962), she will take one of the sanctions off of my choice. Which I then requested that I get my phone privileges back. (UM) Huffman stated that if it was her " she would not have never wrote the incident report ". She agreed when I explained to her, that when I spent 5 days in the SHU(segregated housing unit) that it was more than sufficient. I worked for the compound and well as staffed on cadre suicide watch and I never had to report to the compound that paid me .12¢ every other month which I never received an (IR) incident report for not showing to work. I also requested to counselor Prout to find me a good paying job because .12¢ every other month is not sufficient. Counselor Prout stated " he will see what he can do, I am not hiring you to work on the unit (B-1) " That statement is a reflection of counselor Prout excersising his vindictive nature in an unprofessional tone. So after the 30 day sanction for the loss of commissary was over, 5 days after I went to shop on my assigned Unit shop day Petitioner was denied for the commissary. The commissary correction officer stated Petitioner was still on commissary restriction and that petitoner would have to talk to his counselor and have him or her call up of course to commissary. So Petitioner

-3-

explained this to counselor Prout, which Prout stated, " commissary should have called me because I'm busy and I'm not anyone's secretary and you need to call upon Allah ". Petitioner stated, " all you have to do is call commissary ". Prout just stared at petitioner and then at his computer and stated he is busy, come back another time. Petitioner stated, " you wrote the sanction along with the (case manager) Muncy. Prout stated, " than go ask case manager Muncy (B-1). Petitioner stated, she is not here, and better yet I need a BP-8, which is IR-#2792962 because I challenged the sanction, for being sanctioned longer than 30 days cruel and unusual punishment ".

Because of the above mentioned (first Administrative Remedy: IR-#2792962), Counselor Prout began to retaliate against Petitioner. As to IR-#279262, this has been expunged on 9-24-2016 by the Mid-Atlantic Region.

INCIDENT REPORT #2

As to the second Incident Report (IR-#2809293) dated 1-27-2016, written by counselor Prout who alleged that he seen Petitioner exercising in B-1 unit laundry/ironing room. Counselor Prout alleged when petitioner seen him approaching, petitioner stopped exercising as it stated in the incident report. Prout alleges petitioner seen him through the window and stopped which completely is not true. The incident report is still pending because (UM) Huffman privy to counselor Prout and his retaliation against Petitioner is an affect on (UM) Huffman not addressing the Regions remand on 4-22-2016. Which the Region requested the UDC to reconsider the evidence (the cameras). At the UDC hearing Case Manager Johnson was the forseer along with secretary Boyal and (UM) Huffman. I requested for the cameras to be reviewed because without a doubt the cameras will prove my innocence (The Greater weight of evidence). Mrs. Johnson and Mrs.

-4-

Huffman denied me and Mrs. Huffman stated I should've ask the Lieutenant, then proceeded by requesting Mrs. Johnson to postpone the UDC hearing so I can request the Lieutenant on shift at that time to review the cameras. Mrs. Johnson denied my request and stated that the UDC hearing cannot be postponed. Petitioner then asked of Mrs. Johnson to sign his request that stated he asked the UDC to review the cameras. Mrs. Johnson refused to sign the request papers and then found me guilty of the incident report on 2-3-2016, which Petitioner's loss of phone privileges was stricten for 30 days. (The request of UDC signature can be found in Petitioner's file in Sentry as to IR-#2809293). Mrs. Johnson and Mrs. Huffman is privy to Counselor Prout. They know of me exercising my Constitutional Rights as to filing Administrative Remedy as to IR-#2792962 the first incident report. This Incident Report #2809293 could have been resolved by UDC reviewing the cameras. UDC would not review the cameras to find that counselor Prout falsified IR #2809293, which also means his follow employees (Mrs. Johnson and Mrs. Huffman) is apart of counselor Prout's conspiracy. Because they failed to live up to their Staff duties to Report misconduct thats unprofessional according to BOP Policy. Mrs. Huffman is counselor Prout's superior in position of employment. It is her duty and responsibilty to reprimand Prout to OIG for falsifing IR#2809293. Instead UDC Mrs. Johnson rather to do the right thing as to be a responsible employee, just took Petitioner's communication toward his childeren, family, friends, and access to the courts. This is retaliation by a conspiracy lead by counselor Prout.

    At that direct conflict at that time, Warden B.J. Johnson know of the IR#2809293 and failed to resolve the issue. He and his staff had the duty to review the cameras, reprimand and report counselor Prout to OIG for staff misconduct due to falsifing incident reports. (UM) Huffman

stated that, " she doesn't have to respond to the Region's " Remand " to reconsider the evidence, specificly the " cameras ". Which was very unprofessionl considering she's a superior which suppose to be leading example for her staff members. This proves she was being intentionally apart of counselor Prout's retaliation conspiracy because she is privy to counselor Prout. Petitioner's Due Process Rights were violated by the foregoing staff members described in this Petition. Petitioner then filed administrative remedies BP-9 and than following a BP-10. The Region remanded again on 9-24-2016, the same solution it provided before which was to review the evidence of the cameras. On 10-27-2016, (CM) Muncy found me guilty even after Petitioner explained that she should consider the evidence as the Region recommended because counselor Prout falsified the incident report #2809293. (CM) Muncy denied accordly to review the cameras as the Region recommended her to do so. (CM) Muncy violated Petitioner's Due Process rights to review the cameras. The resolution to his issue could have been addressed as the Region remand to the staff members petitioner have a conflict abroad with. But they failed to resolve this issue from the second remand as requested by the Region to review the cameras. Incident Report #2809293 is still pending in the Region and the response is due on 2-6-2017. Petitioner request this Honorable District Court to allow Petitioner to amend the Regions responds to incident report #2809293 when Petitioner receives the Region's response.

INCIDENT REPORT #3

    As to the third incident report #2843233 dated 4-25-16, counselor Prout again proceeded in a retaliative manner against petitioner by, again falsifing incident report #2843233 and the re-write. (CM) Muncy

who was the " UDC " that review and sanction for the incident reports and Mrs. Huffman the Unit Manager, who signs the incident reports, with final the Warden which review the BP-9 that deals with appealing the sanction of the UDC decision. [To note: Attached is Exhibits in Petitioner's best to place in chronological order which you will find a e-mail petitioner sent to the Warden-stating the facts as to IR# 2843233] The forementioned staff above done nothing to cure sufficiently the issues presented. After finishing the incident report petitioner previously mentioned on March 25, 2016, Prout alledged Petitioner was unsanitary or " Tidy " to prove to be retaliative by continuing to harass petitioner with petty sanctions. Prout stated that petitioner was assigned to the upper bunk according to his bed roster. This was false completely. In counselor Prout's re-write he stated petitioner was assigned to the lower bunk, but sleeps on the top. Prout then adds another prohibited act code (316 being in an unauthorized area), for allegely sleeping on the wrong assigned bunk. This was completely false. Prout alleged this when he was informed by (CM) Mrs. Muncy that petitioner was assigned to the bottom bunk. At the UDC hearing held by Ms. Muncy, who foreseen and review the IR#2843233 to petitioner and petitioner informed her that petitioner sleeps on the bottom bunk which he was assigned to. Ms. Muncy and secartary Case Manager Boyal confirmed this. Counselor Prout then enter the UDC hearing in an Un-professional manner a second time after being informed by Ms. Muncy and Petitioner that he cannot be apart of the hearing because it is a conflict of interest to be part of the hearing sanction when he wrote the incident report. Counselor Prout again to proceed in a misconduct that was totally unappropriate by entering the UDC hearing again and this time Ms. Muncy failed to inform Prout to leave. Instead she

informed Prout that Petitioner was assigned to the lower bunk. Mrs. Muncy allowed Petitioner's Due Process Rights to be violated by letting Prout to be a conflict of interest to be present during the UDC hearing. According to BOP policy a officer who brung forth allegation in a inciden report can't be also be apart of the UDC hearing/sanction process of the incident report. Prout contiued to violated Petitioner's Due Process Rights by informing Mrs. Muncy to ask Petitioner's cellmate about the bunk allegations. Muncy postponed the hearing, Petitioner explained that Prout cannot intervene and this hearing should be dismissed and expunged. Prout then re-write the incident report #2843233 with another prohibited act code, 316 Being in an unauthorized area. The re-write also stated that petitioner and his cellmate done an unauthorized assignment change which petitioner's cellmate did not receive an incident report, just petitioner on the matter. This was a clear retaliation toward Petitioner. (CM) Muncy, (UM) Huffman, and Warden B.J. Johnson at that time know of this assault counselor Prout continued to produce and failed to report or resolve the misconduct of counselor Prout. After the re-write by Prout the IR #2843233 was sent to the DHO which reprimand it back to UDC. Upon the review (CM) Muncy found petitioner guilty. The incident report was later expunged after petitioner filed a continued adminstrative remedy (BP-10) to the Mid-Atlantic Region on 8-4-2016. But for the incident report #2843233, Petitioner served 60 days loss of commissary and 30 days loss of phone privileges before it was expunged.

CONCLUSION OF CHRONOLOGY OF EVENTS

In conclusion, had counselor Prout called the commissary officers and informed them that he had put my loss of commissary and loss of

phone privileges in the sentry system late, this matter could have been resolved. But because of his negligence, Petitioner was sanctioned over the 30-day restriction. Instead, Prout was unprofessional, inattentive and just plain rude. Who used a personal objective to intentionally retaliate against petitioner. None of these incident reports would have been filed in a normal class professional working environment. (The Unit Team (B-1), The corresponding staff members, correlating to counselor Prout) have done nothing to resolve the incident reports for the fore approached reasons. All parties were well aware that the incident reports were false and retalitory due by counselor Prout's personal negative feelings toward Petitioner.

For all the above mentioned staff failed to review the cameras as the Mid-Altantic Region requested on remand and report Counselor Prout to OIG. All above mentioned staff are privy to counselor Prout as also counselor Pilant (B2), were she came and trashed petitioner's cell in complete contradiction to BOP policy that states staff should attempt to leave the cell they are searching in similar condition as to how they found it. Mrs. Pilant left my cell in utter disarray. The Warden failed to reprimand all staff mentioned above. Petitioner have filed two staff misconduct complaints against counselor Prout. Petitioner also tried to be removed from FCI McDowell, all to no avail. Prout would not allow two Muslims to move in Petitioner's cell, but continues to allow non-Muslims to move in the cell with me. Please check counselor Prout bed assignment roster. One Muslim brother of petitioner's (Eric Johnson) was " warned " that he wouldn't want to move in with me because petitioner was not " wrapped too tight " and another Muslim brother of petitioner's (Adul Malikki) was denied access to the cell with petitioner because petitioner likes to file administr-

ative remedies. These two statements were made on 8-31-16 and 9-7-16. Petitioner have wrote to Washington, D.C. as to B1 Unit Manager-Mrs. Huffman, B1-counselor Prout, B1 case manager-Mrs. Muncy (who petitioner filed a staff misconduct complaint on as well), and also B2 counselor Ms. Johnson, B2-counselor Mrs. Pilant, and Warden B.J. Johnson.

Petitioner have filed to Beckley Law Consoldiation, Congress, ACLU and all to no avail. Petitioner is being continued harrassed and sanctioned upon frivolous incident reports. Petitioner is now seeking the sum of $300,000.00 for pain and suffering, cruel and unusual punishment, and violation of Petitioner's due process rights. Please see attached Exhibits, petitioner also give you consent to review Petitioner's files as to all administrative remedies. Petitioner was housed in USP Allenwood from July 2013 to May 2015. And had not been through any hardships until petitioner got to FCI McDowell. It's a fact petitioner been having good conduct in USP Allenwood to get his custody level from high to medium. Now to suffer hardships and harassment orchestrated by a single staff member (counselor Prout) and backing of his fellow employees aforementioned is much to indorse. Had Unit Manager Mrs. Huffman, reported counselor Prout as acustomed to her job description, petitioner would not be filing this 1983 suit to the District Court. The aforementioned staff members all allowed counselor Prout to falsify incident reports and retaliate against Petitioner for seeking to exhaust his administrative remedies. Mrs. Pilant fits into counselor Prout's retaliation conspiracy for she trashed petitioner's cell on behalf of her colleague. She then was led to petitioner by counselor Prout to prove her innocence, but petitioner was unconvinced and continued to file administrative remedy

to Washington, D.C., which got denied. Petitioner now file with this Honorable Federal District Court. This has been way too much to bear. Petitioner is serving a 300 month sentence for a crime that petitioner was unjustly convicted. And the actions of these staff members are not only absurd, annoying and unprofessional but they are boldly unconstitutional. Counselor Prout has now stressed petitioner out and petitioner fears for his life. Petitioner is mentally distracted and fear every time petitioner see or hear Prout, Mrs. Huffman, Mrs. Muncy, and Mrs. Pilant. Petitioner is emotionally disturbed now due to this environment he's forced to live upon. It is hard for Petitioner to stay focused on his criminal convictions for he is constantly worried about counselor Prout and the above mentioned staff members. Petitioner also request this court if possible to transfer him to a FCI safe from all the above mentioned staff members.

## RELIEF SOUGHT

Due to the above mentioned in its entirety, Petitioner is unable to work in the more lucrative departments of the institution which could serve to aid Petitioner in acquiring his basic necessities he has limited or no outside financial support and a better paying job on the compound is no longer accessible to him. Also, and more importantly, Petitioner is now unable to be considered for the " Life Connections " program offered at FCI Leavenworth. Which is a faith based re-entry type of program offered to better aid inmates in their efforts of rehabilitation and to not offend again once released from incarceration. Also, Petitioner was placed in the SHU(segregated housing unit) for five days and lost his commissary and phone privileges for over 100 days which far exceeded the maximum the sanction required. Petitioner

is also living in constant fear of retaliation on behalf of the Respondents, as well as their colleagues, due to his exercising his rights to administratively file grievances, as well as access to courts. The mental anguish that sparks fear, anxiety and fits of rage are all direct results of his suffering at the hands of Respondents as stated herein above. As a result, petitioner is seeking monetary compensation in the amount of $300,000.00 as appropriate for the pain and suffering he's experienced and continues to feel. Petitioner also request immediate transfer near home (Pittsburg, PA) to another FCI out of fear of physical and psychological harm at the hands of FCI McDowell staff acting maliciously under color of law.

## MEMORANDUM OF LAW IN SUPPORT OF THE HEREIN ABOVE ISSUES

" To state a cause of action for retaliatory treatment, a complaint need only ' allege a chronology of events from which retaliation may be inferred ", Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1995) see also Cain v. Lane, 857 F.2d 1139, 1143 (7th 1988); " This court has held, an official meets the ' personal (Bruise v. Hudkins, 584 F.2d 223 (7th Cir. 1978)

-12-

involvement' requirement when 'she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his/her direction or with his/her knowledge and consent", Black v. Lane, 22 F.3d 1395 (7th 1993); "noting that the filing of a disciplinary charge against a prisoner, 'although otherwise not actionable under section 1983, is actionable under section 1983 if done in retaliation for [the prisoner's] having filed a grievance pursuant to established procedures", Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). In Cain v. Lane, 857 F.2d 1139, 1143 (7th Cir. 1988) the plaintiff alleges violations of his fourteenth amendment right to due process and his eighth amendment right to be free from cruel and unusual punishment. Specifically, plaintiff alleges that the five disciplinary tickets issued to him by various defendants on March 10, 1985, and subsequent adjustment committee hearings held on March 13, 1985, violated the aforementioned rights, "all defendants conspired willfully, knowingly, wantonly, arbitrarily and capriciously to harass me solely because I attempted to exhaust my administrative remedies. Subjecting me to cruel and unusual punishment."

Petitioner incorporates all the herein quoted citations as they apply to his particular set of facts.

I, Alonzo Johnson, the petitioner/plaintiff herein, swears under penalty of perjury by the laws of the United States of America that the herein foregoing is true and correct to the best of my knowledge and belief. (28 U.S.C. § 1746)

Dated this 12th day of ~~December~~ January, 2017.

Respectfully Submitted,

/s/ Alonzo Johnson
Alonzo Johnson
Petitioner/Plaintiff
Pro Se

-13-

CERTIFICATE OF SERVICE

I, Alonzo Johnson, swear under penalty of perjury by the law of the United States of America that I caused to be sent a true and correct copy of the herein foregoing and attached by placing same in the institution mailbox/maily system as "In House Mail" and/or by handing same personally to all respondents named and relevant herein, on or about ~~December~~ January 12th, 2017.

/s/ Alonzo Johnson
Alonzo Johnson