# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**ALONZO JOHNSON,**

    **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 1:17-00608**

**CASE MANAGER JOHNSON, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." ECF No. 39. By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R") for disposition pursuant to 28 U.S.C. 636(b)(1)(b). The magistrate judge submitted his PF&R on June 5, 2018, recommending that the court grant defendants' motion and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure to file such objections constitutes a waiver of the right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989). Plaintiff filed an objection on June 25, 2018. ECF No. 51. While plaintiff's objection was not received by the Clerk before the seventeen-day deadline expired on June 22, 2018, see 28 U.S.C. § 636(b)(1)(C), the objection signed by the plaintiff is dated June 21, 2018. See ECF No. 51 at p.2. Accordingly, the court considers the objections as having been timely filed pursuant to the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 270 (1988).

## I. BACKGROUND

On January 27, 2017, Counselor Prout issued an Incident Report for plaintiff's Failure to Follow Safety or Sanitation Regulations. See ECF No. 2-1, Incident Report 2809293. The Report alleged that the plaintiff was seen working out in an unauthorized area. Id. Despite plaintiff arguing that he was falsely accused by Prout, a hearing before the Unit Disciplinary Committee ("UDC") determined that the plaintiff committed the infraction. As a result, he was sanctioned to a loss of phone privileges for 30 days.

The plaintiff appealed the decision through the administrative remedy process. Plaintiff claims that his appeal led six staff members at FCI McDowell to retaliate against him, the cumulative course of which has been fully detailed by Magistrate Judge Aboulhosn. See ECF No. 10 at pp. 1-3. This civil action followed, pursuant to Bivens v. Six Unknown Named Agents of Fed.

Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants violated plaintiff's First, Fifth, and Eighth Amendment rights. Plaintiff requests monetary damages and to be incarcerated at a different facility. See id.; ECF No. 2 at pp. 1-12.

## II. PF&R RECOMMENDATION OF DISMISSAL

The PF&R recommended the court grant defendants' motion to dismiss for the following reasons. First, the plaintiff failed to exhaust his claim that he was transferred to a different housing unit because of retaliation. ECF No. 13 at pp. 8-14. Second, claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) does not extend to plaintiff's claims of verbal retaliation founded in the First Amendment. Id. at pp. 14-24. Third, plaintiff's allegation that Prout falsified the Incident Report does not constitute a protected liberty interest. Id. at pp. 24-25. Fourth, plaintiff's loss of commissary and phone privileges do not implicate a liberty interest under the Fifth Amendment's Due Process Clause. Id. at pp. 25-33. Fifth, Prout's alleged verbal harassment of plaintiff fails to state a cognizable claim under the Eighth Amendment. Id. at pp. 33-37. Sixth and finally, plaintiff's claims against Warden Johnson fail to detail how he was personally involved in the alleged retaliation

except through mere deliberate indifference, which is not a cognizable claim.

### III. PLAINTIFF'S OBJECTION

Plaintiff objects that the magistrate judge failed to "take note that staff [at FCI McDowell] was not acting according[] to [Federal Bureau of Prisons] policy as state[d] in staff employee conduct," thereby violating plaintiff's rights under the Prison Litigation Reform Act. ECF No. 51 at p.1.[1]

### IV. ANALYSIS

While plaintiff's objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations," and therefore is not entitled to a de novo review, Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982), the court reviewed each of the plaintiff's prior filings to better grasp the alleged BOP policy violation that Magistrate Judge Aboulhosn failed to "take note" of. See ECF Nos. 1, 2, 2-1, 4, 7, 8, 25, 43, 46.

After its review, the court concludes that the only alleged BOP policy violation that was not addressed in the PF&R stems from Counselor Prout allegedly "intervening in [plaintiff's] UDC hearing causing the hearing to be postponed for his input, for

---

[1] The objection also requests that the court attach the plaintiff's prior filings to his objection. Id. The court reviewed each of plaintiff's prior filings to better understand his objection, see infra, and therefore **DENIES** his request.

4

Prout was the [illegible] who reported/ wrote the Incident Report." ECF No. 2-1 at p.63. Plaintiff alleges that the Federal BOP Inmate Discipline Program prohibits an officer who wrote the Incident Report from "particpat[ing][,] interfer[ing][,] or help[ing]" with the UDC hearing. ECF No. 2 at p.8.

Therefore, the plaintiff appears to challenge the constitutionality of his disciplinary procedure. Nevertheless, the magistrate judge did not consider the disciplinary procedure itself because the sanction arising from the disciplinary procedure –- loss of plaintiff's phone privileges for 30 days –- failed to implicate a liberty interest. See ECF No. 50 at pp. 25-29; see also Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972).

In Gaston v. Taylor, the Fourth Circuit declared that an inmate possesses a claim of entitlement in interests "which were not taken away, expressly or by implication, in the original sentence to confinement." 946 F.2d 340, 343 (4th Cir. 1991). These interests, however are curtailed to the,

> freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

5

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). Courts have uniformly determined that "there is no constitutional or federal statutory right to the use of a telephone while in prison." United States v. Alkire, 82 F.3d 411 (4th Cir. 1996) (unpublished); see also Coil v. Peterkin, No. 1:07CV145, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) ("Since inmates do not have a constitutional right to telephone access, Defendant's denial of telephone access to Plaintiff is not a ground upon which Plaintiff can be granted relief."), aff'd, 401 Fed. Appx. 773 (4th Cir. 2010); Chisolm v. SCDC, No. CA 1:12-3055-RBH-SVH, 2013 WL 1567395, at *2 (D.S.C. Feb. 7, 2013), report and recommendation adopted, No. 1:12-CV-03055-RBH, 2013 WL 1567443 (D.S.C. Apr. 15, 2013) ("Prisoners do not have a protected liberty interest in . . . telephone privileges.") (collecting cases). Accordingly, plaintiff has no constitutional right to the loss of his phone privileges arising from his disciplinary proceeding, and plaintiff's objection is of no merit.

## V. CONCLUSION

Accordingly, the court **OVERRULES** plaintiff's objection to the magistrate judge's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **GRANTS** defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," (ECF No. 39); **DISMISSES** plaintiff's complaint,

without prejudice, (ECF No. 2); and **DIRECTS** the Clerk to dismiss this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

It is **SO ORDERED** this 31st day of July, 2018.

ENTER:

David A. Faber
Senior United States District Judge